**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Lee Russell, ) | |
| ) | |
| Plaintiff, ) | No. CIV 04-2888 PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| State of Arizona, Arizona ) | |
| Department of Revenue, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Thomas Lee Russell brought this Title VII action against Defendant the State of Arizona, Arizona Department of Revenue ("ADOR") based upon allegations of employment discrimination pursuant to 42 U.S.C. § 2000e.  Compl. (doc. # 1). On February 28, 2005, the Court issued an order setting a Rule 16 scheduling conference for March 28, 2005, at which Plaintiff failed to appear.  Order (doc. # 6); Minute Entry (doc. # 8). Subsequently, Plaintiff apparently failed to make initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure by the April 4, 2005 deadline set by the Court's scheduling order (doc. # 10), and also failed to appear for two

1  properly noticed depositions.  See Mot. (doc. # 14); Order (doc. #
2  10); Notice of Dep. (doc. # 12); Notice of Dep. (doc. # 13).
3  Thereafter, Defendant filed a motion for sanctions (doc. # 14)
4  pursuant to Rule 37 of the Federal Rules of Civil Procedure,
5  specifically for dismissal of the case without prejudice due to
6  Plaintiff's noncompliance in discovery.[1]  Plaintiff has not filed a
7  response in opposition to this motion, and the time for response
8  has now passed.  Instead, on September 16, 2005, Plaintiff filed a
9  motion (doc. # 15) asking the Court to appoint counsel to represent
10 him in this action.

**I. PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL**

Although Plaintiff does not cite the statute under which he applies for appointment of counsel, the Court will analyze his request under the standard relevant to Title VII cases.

Title VII authorizes appointment of counsel "in such circumstances as the court may deem just."  42 U.S.C. § 2000e-5(f)(1).  Courts generally use three factors, and many times a fourth, to determine whether appointment of counsel is appropriate: (1) the plaintiff's financial ability to pay for an attorney; (2) efforts made by the plaintiff to retain counsel; (3) merits of the plaintiff's claim; and (4) the plaintiff's capacity to present the case.  See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981); Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).  While Plaintiff has avowed his lack of capacity to present his case, see Mot. (doc. # 15) at

---

[1] This motion appears on the docket as Defendant's Motion to Dismiss (doc. # 14).

1, he presents no evidence to support the other three factors.  The Court therefore denies his motion for court-appointed counsel.

**II. DEFENDANT'S MOTION FOR SANCTIONS**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to appear before the officer taking his deposition after proper notice has been served, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph. . .(C) of subdivision (b)(2) of this rule."  Fed. R. Civ. P. 37(d).  Similar sanctions may be imposed if a party, without substantial justification, fails to make disclosures required by Rule 26(a).  Fed. R. Civ. P. 37(c)(1).  In relevant part, Rule 37(b)(2)(C) authorizes the court to enter an order "dismissing the action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C).  The burden of establishing a substantial justification is on the party being sanctioned.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

Russell has allowed the time for response to lapse without filing a response in opposition to Defendant's motion.  Although the Court recognizes that "firm application of the Federal Rules of Civil Procedure" is necessary to "ensure that federal officials are not harassed by frivolous lawsuits," Butz v. Economou, 438 U.S. 478, 508 (1978), the Court is reluctant to decide on Defendant's request for dismissal of Russell's pro se complaint without his having been heard on this issue.  It appears to the Court that Russell may have failed to respond to Defendant's motion in the mistaken belief that his present motion for court-appointed counsel would excuse him from doing so.  Of course, this is not the case.

1  However, because Plaintiff is proceeding pro se, the Court will
2  additionally construe his present motion (doc. # 15) as a motion
3  seeking an extension of time within which to file a response in
4  opposition to Defendant's motion (doc. # 14).  Accordingly, the
5  Court finds that justice is best served by extending the time for
6  Russell to respond to Defendant's motion (doc. # 14) by fifteen
7  (15) days from the date of entry of this order.  After that time,
8  the Court will rule on Defendant's motion whether or not any
9  response has been filed by Plaintiff.  Therefore,

   IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (doc. # 15) is DENIED without prejudice.

   IT IS FURTHER ORDERED that the deadline for Plaintiff to file a response in opposition to Defendant's motion for sanctions (doc. # 14) shall be extended to fifteen (15) days from the date of entry of this order.

   DATED this 6th day of December, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Plaintiff pro se

-4-