**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Lee Russell,              )<br>                                  )<br>          Plaintiff,              )<br>                                  )<br>     vs.                          )<br>                                  )<br> State of Arizona, Arizona        )<br> Department of Revenue,           )<br>                                  )<br>          Defendant.              )<br> _____  ) | No. CIV 04-2888 PHX RCB<br><br>O R D E R |

Plaintiff Thomas Lee Russell brought this Title VII action against Defendant the State of Arizona, Arizona Department of Revenue ("ADOR") based upon allegations of employment discrimination pursuant to 42 U.S.C. § 2000e.  Compl. (doc. # 1). Currently pending before the Court is Defendant's motion for sanctions[1] (doc. # 14) pursuant to Rule 37 of the Federal Rules of Civil Procedure, specifically for dismissal of the case without prejudice due to Plaintiff's noncompliance in discovery.  Plaintiff has not filed a response in opposition to this motion, and the time

---

[1] This motion appears on the docket as Defendant's Motion to Dismiss (doc. # 14).

for response has long since passed.

Instead, on September 16, 2005, Plaintiff filed a motion (doc. # 15) asking the Court to appoint counsel to represent him in this action. In denying that motion, the Court granted Plaintiff a discretionary fifteen (15) day extension within which to file a response in opposition to Defendant's motion for sanctions (doc. # 14). Order (doc. # 16) at 4. However, the Court specifically cautioned Plaintiff that a ruling would issue on Defendant's motion after passage of the extension period whether or not a responsive memorandum were filed in that time. Id. More than one month has passed and Plaintiff has still not filed a response to Defendant's motion. Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

On February 28, 2005, the Court issued an order setting a Rule 16 scheduling conference for March 28, 2005, at which Plaintiff failed to appear. Order (doc. # 6); Minute Entry (doc. # 8). Subsequently, Plaintiff apparently failed to make initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure by the April 4, 2005 deadline set by the Court's scheduling order (doc. # 10), and also failed to appear for two properly noticed depositions. See Mot. (doc. # 14); Order (doc. # 10); Notice of Dep. (doc. # 12); Notice of Dep. (doc. # 13). Thereafter, Defendant filed the present motion (doc. # 14) seeking dismissal of Plaintiff's case without prejudice due to Plaintiff's noncompliance in discovery. This motion is unopposed.

...

## II. DISCUSSION

Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition-- or untimely opposition-- as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious. LRCiv 7.2(i); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). For the following reasons, the Court finds that Defendant's motion is facially meritorious, warranting dismissal of this case without prejudice.

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to appear before the officer taking his deposition after proper notice has been served, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph. . .(C) of subdivision (b)(2) of this rule." Fed. R. Civ. P. 37(d). Similar sanctions may be imposed if a party, without substantial justification, fails to make disclosures required by Rule 26(a). Fed. R. Civ. P. 37(c)(1). In relevant part, Rule 37(b)(2)(C) authorizes the court to enter an order "dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C). The burden of establishing a substantial justification is on the party being sanctioned. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

The Ninth Circuit has established a five-part test to determine when the exercise of judicial discretion in imposing the sanction of dismissal is appropriate. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); Henry, 983 F.2d at 948. The test balances: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its

docket, (3) the risk of prejudice to the other party, (4) public policy favoring the disposition of cases on the merits, and (5) the availability of less drastic sanctions.  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions."  Henry, 983 F.2d at 948 (quoting Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)).

**A. Risk of Prejudice to Defendant**

The issue of prejudice turns on whether Plaintiff's actions "impair the [other party's] ability to go to trial or threaten to interfere with the rightful decision of the case."  Adriana, 913 F.2d at 1412.  In Adriana, the court found prejudice where less harsh sanctions had been ordered yet had gone unheeded, causing repeated delays.  The court concluded that these delays caused prejudice to the opposing party.  See Adriana, 913 F.2d at 1412.  Similarly, Henry involved a pattern of noncompliance with discovery requests that ultimately caused prejudice to the other party.  See Henry, 983 F.2d 948.

In this instance, Plaintiff has missed two depositions, failed to appear at the Rule 16 scheduling conference, and failed to make initial disclosures required by Federal Rule of Civil Procedure 26(a).  He has also failed to respond to Defendant's pending request for dismissal in spite of the extension of time granted by the Court for doing so.  Given Plaintiff's pattern of noncompliance, the Court finds that any further effort to seek Plaintiff's cooperation will ultimately prejudice Defendant.  If Plaintiff has indeed abandoned his case, as his conduct suggests,

it would be unjust to require Defendant to diligently pursue the matter at its sole expense.

**B. Availability of Less Drastic Sanctions**

The Ninth Circuit has promulgated a three-part analysis for determining whether a district court has properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate: "(1) did the court explicitly discuss the feasibility of less drastic sanctions and discuss why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?"  Adriana, 913 F.2d at 1412-13 (citing Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)).

Under the circumstances presented by this case, the Court cannot arrive at a feasible sanction that would be less drastic than dismissal without prejudice.  In the case law supporting dismissal as a sanction for disobedience during the discovery process, such judgment was ordered only after repeated noncompliance with court orders and after less harsh sanctions had been imposed and ignored.  See Adriana, 913 F.2d 1412; Henry, 983 F.2d at 948.  Such has been the history of Plaintiff's conduct in this case.  Furthermore, an award of monetary sanctions against a pro se plaintiff would likely be of little practical value. Indeed, dismissal without prejudice would likely be less onerous than monetary sanctions in this case.  Furthermore, although the Court has not yet ordered Plaintiff's compliance in discovery by compelling his appearance at deposition, it is not convinced of the

wisdom in pursuing that course when neither Plaintiff nor Defendant seem desirous of such an order.  Based on Plaintiff's avowed lack of competence in representing himself, see Mot. (doc. # 15) at 1, it is easily conceived that an order compelling Plaintiff's appearance would cause greater prejudice to Plaintiff than granting Defendant's request for dismissal without prejudice forthwith.

Finally, the court notes that it has not previously ordered any sanctions against Plaintiff, nor has it provided any warning regarding the possibility of dismissal for his lack of cooperation to date.  While an explicit warning is not always required, there must be notice sufficient to prevent surprise to the person being sanctioned.  See Adriana, 913 F.2d at 1413; Stars' Desert Inn v. Hwang, 105 F.3d 521, 524-25 (9th Cir. 1997).  In light of the Court's words of caution to Plaintiff in its December 7, 2004 order (doc. # 16) granting Plaintiff an extension of time in which to respond to the pending motion, there can be little surprise to Plaintiff in the Court's granting Defendant's motion at this time.

Weighing the five factors set forth by the Ninth Circuit, the Court concludes that dismissal of Plaintiff's case without prejudice for Plaintiff's failure to attend his depositions, failure to appear in Court, and failure to make initial disclosures is entirely appropriate at this time.  The fact that Plaintiff is proceeding pro se does not entitle him to any greater leniency because "firm application of the Federal Rules of Civil Procedure" is necessary to "ensure that [government] officials are not harassed by frivolous lawsuits," see Butz v. Economou, 438 U.S. 478, 508 (1978).  Moreover, the Court has already accorded great leniency to Plaintiff on account of his pro se status when it

- 6 -

granted him an extension of time within which to respond to the pending motion.  <u>See</u> Order (doc. # 16).  Based on Plaintiff's silence in the intervening time and Defendant's account of the course of discovery to date, the Court is inclined to believe that Plaintiff has abandoned his case.  Similar circumstances have been found to warrant dismissal with prejudice under the factors put forth by the Ninth Circuit.  However, Plaintiff's lackadaisical pursuit of the matter may also be attributable to his avowed lack of capacity to present his case.  <u>See</u> Mot. (doc. # 15) at 1.  To that end, the dismissal without prejudice sought by Defendant may accord Plaintiff an opportunity to refile his claim upon obtaining suitable representation, subject to any statute of limitations defenses that may be asserted.

**III. CONCLUSION**

In light of the foregoing analysis,

   IT IS ORDERED that Defendant's motion to dismiss (doc. # 14) is construed as a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d) and is GRANTED.

   IT IS FURTHER ORDERED dismissing Plaintiff's case <u>without prejudice</u>.

   IT IS FURTHER ORDERED directing the Clerk of the Court to enter judgment in favor of Defendant the State of Arizona, Arizona Department of Revenue and terminate this case.

   DATED this 30th day of January, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

1 | Copies to counsel of record and Plaintiff <u>pro se</u>